IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN JERMAINE HARRIS,           )
                                  )
                    Plaintiff,    )
                                  )
v.                                )   No. CIV-23-222-R
                                  )
KEVIN STITT, et al.,              )
                                  )
                    Defendants.   )

## ORDER

Plaintiff filed this action against Defendant Stitt and Defendant Drummond entitling the initiating document as a "Civil Rights Complaint." (Doc. No. 1).[1] Therein Plaintiff notes he is a convicted and sentenced state prisoner and seeks relief from the Defendants in their official capacities because he was allegedly denied due process of law. Specifically, he contends that the Oklahoma Court of Criminal Appeals misapplies the Post-Conviction Procedure Act when it does not apply *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020). He requests that Defendants be required to conduct a hearing during which he may demonstrate his crimes occurred on the Muscogee Creek reservation and therefore the state court lacked jurisdiction over his criminal case. *See McGirt v. Oklahoma,* 140 S. Ct. 2452 (2020). At the time Mr. Harris filed his "Complaint" he also sought leave to proceed *in forma pauperis*. (Doc. No. 2). The matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On March 16, 2023, Judge Erwin issued a Report

---

[1] Because Plaintiff is *pro se*, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

and Recommendation (Doc. No. 5) wherein he recommended that the application for leave to proceed without prepayment of fees be denied and that Plaintiff be ordered to pay the full $402.00 filing fee applicable to civil actions. On April 6, 2012, the Court received $5.00 payment from Plaintiff. The Court hereby accepts the payment of $5.00, because this action, which challenges the legality of Mr. Harris' conviction, is in reality a § 2254 petition for habeas corpus relief.[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." The filing fee for such actions is $5.00. Accordingly, the Report and Recommendation is adopted to the extent it recommended dismissal of the action, but modified as to the amount due from Mr. Harris.

However, the Court finds no basis for granting Petitioner § 2254 relief. First, Mr. Harris has not named the director of the correctional facility in which he is confined as required by § 2254. *See Depineda v. Hemphill*, 25 F.3d 1056, No. 94–1094, 1994 WL 247025, at *3 (10th Cir. June 9, 1994)(unpublished). Furthermore, according to state court records, of which the Court takes judicial notice, Plaintiff was convicted in the District Court of Muskogee County, which lies within the confines of the Eastern District of Oklahoma. *See State v. Harris*, Case No. 2000-966. The Court could transfer the petition to that Court, however, Mr. Harris previously sought relief under § 2254 in that district,

---

[2] Mr. Harris is serving two life sentences for murder it the first degree. *See* https://okoffender.doc.ok.gov/.

2

Case No. 22-070-RAW, and the court dismissed the petition, which relied on *McGirt,* as untimely. Therefore, any new petition would be second or successive and require authorization from the Court of Appeals before filing, and absent such authorization the Court would lack jurisdiction. *See* 28 U.S.C. § 2244(b)(3) ("Before a ... successive [habeas] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The Court could transfer a petition to the Court of Appeals, *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 20080, however, doing so would not be in the interests of justice because the Eastern District previously ruled that a habeas petition raising a *McGirt* issue is untimely. Accordingly, the Court declines to transfer the Complaint, construed as a petition pursuant to 28 U.S.C. § 2254 and hereby DISMISSES THIS ACTION.

Furthermore, Harris could not show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, the Court will not issue a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2254 Cases.

For the reasons set forth herein the Motion for Leave to Proceed *In Forma Pauperis* is DENIED AS MOOT. The Report and Recommendation is adopted to the extent it is consistent with this Order. The Complaint is construed as a Petition pursuant to 28 U.S.C. § 2254 and DISMISSED FOR LACK OF JURISDICTION.

**IT IS SO ORDERED** this 11th day of April 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE